## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Joseph Anthony Favors,                          Case No. 21-CV-0650 (SRN/TNL)

        Plaintiff,

v.                                                                      **ORDER**

Chase Bank USA, N.A.; Alltran Financial,
LP; ARS National Services,

        Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

This is the third lawsuit brought by plaintiff Joseph Anthony Favors regarding attempts made in 2018 by the defendants to collect on a delinquent credit account. The lone claim under federal law brought in this action by Favors is now untimely, and Favors has not adequately pleaded a basis for the Court's jurisdiction over any state-law claims for relief. This action will therefore be dismissed.

## I.    BACKGROUND

In 2018, Favors sued defendants JP Morgan Chase Bank ("Chase Bank")[1] and Alltran Financial LP ("Alltran Financial") alleging that those entities violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 et seq.; the Fair Credit Reporting

---

[1] Favors has referred to this entity by several names over the course of the various legal proceedings. (For example, Favors refers to "Chase Bank USA, N.A." in his initial pleading and "JP Morgan Chase Bank" in his amended pleading.) For simplicity's sake, the Court will refer to each of these defendants as "Chase Bank."

Act ("FCRA"), 15 U.S.C. § 1681 et seq.; the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 et seq., and state law. *See Favors v. Chase Bank* ("*Favors I*"), No. 18-CV-3197 (JNE/LIB), 2019 WL 3769710 (D. Minn. June 28, 2019), Report and Recommendation adopted by 2019 WL 3767533, at *1 (D. Minn. Aug. 9, 2019).  Each of those claims related to attempts by Chase Bank and Alltran Financial, beginning in March 2018 and continuing through July 2018, to collect on an allegedly delinquent credit account.  *Favors I*, 2019 WL 3769710, at *2.  In 2019, the FCRA claims brought by Favors against Chase Bank were dismissed with prejudice, while the FDCPA claims brought by Favors against Chase Bank were dismissed without prejudice on the finding that Favors had not adequately alleged that Chase Bank was a "debt collector" for purposes of the FDCPA.  The remaining FCBA and state-law claims brought by Favors against Chase Bank were also dismissed without prejudice.

Although Chase Bank was dismissed from the federal litigation in 2019, the lawsuit against Alltran Financial lingered for two more years.  Unlike Chase Bank, Alltran Financial did not file a motion to dismiss Favors's complaint under Rule 12 of the Federal Rules of Civil Procedure, instead filing a responsive pleading.  The Court issued a pretrial scheduling order, but Favors took no action during the discovery period, apparently believing that the claims against Alltran Financial had already been dismissed alongside the claims brought against Chase Bank.  *See Favors I*, Doc. No. 64 (D. Minn. Apr. 28, 2021).  The claims against Alltran Financial were finally dismissed without prejudice for lack of prosecution on June 4, 2021.  *Id*., Doc. No. 68 (D. Minn. June 4, 2021).

Not long after the claims against Chase Bank were dismissed in federal court, Favors filed suit in state court against Chase Bank, Alltran Financial, and defendant ARS National Services ("ARS") regarding the same series of events.  As in the federal lawsuit, Favors again alleged that Chase Bank had violated the FDCPA in its attempts during 2018 to collect on the delinquent account.   Once more, the FDCPA claim against Chase Bank was dismissed — this time *with* prejudice — on the finding that Chase Bank was not a "debt collector" for purposes of the FDCPA.  *See Favors v. Chase Bank USA, N.A.* ("*Favors II*"), 2021 WL 79935, at *2-3 (D. Minn. Jan. 11, 2021).   Service of process appears not to have been properly effected upon Alltran Financial and ARS, and the claims against those defendants were dismissed without prejudice.

Less than two months after the Minnesota Court of Appeals affirmed the dismissal of Favors's claims against Chase Bank, Favors brought this, the third lawsuit, against Chase Bank, Alltran Financial LP, and ARS regarding the events of 2018.  Upon review of Favors's pleading and application to proceed *in forma pauperis* ("IFP"), Magistrate Judge Tony N. Leung noted that "a similar — and perhaps *identical* — action brought by Favors against the same defendants was recently dismissed in state court" and ordered Favors to show cause why this matter should not be dismissed under the doctrine of *res judicata*.  *See* Order to Show Cause at 1 (Doc. No. 7) (footnote omitted).  Favors was also ordered to supply documentation from the state-court litigation establishing that his claims had not been, or could not have been, fully litigated earlier.  *Id*. at 1-2.

Favors's answer to that question — why are the FDCPA claims brought against Chase Bank not now precluded under the doctrine of *res judicata*? — has shifted over the

course of this litigation.  Favors at first argued that although he had raised FDCPA claims against Chase Bank in the state-court litigation, he did not raise the precise FDCPA claim being pressed in this litigation: that Alltran Financial and ARS participated in a "flat rater"[2] relationship with Chase Bank.  *See* Doc. No. 8 at 2.  Favors later argued that *res judicata* does not apply to FDCPA claims brought by him against Chase Bank because he was not represented by counsel in the state-court proceedings and therefore did not have "a full and fair opportunity to litigate the matter."  Doc. No. 14 at 2 (citing *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004)).

In responding to the order to show cause, however, Favors also requested leave to amend his complaint — and that proposed amended complaint now omits any claims brought against Chase Bank under the FDCPA.  The proposed amended complaint puts forward two theories of recovery.  First, Favors alleges that Alltran Financial and ARS remain liable under the FDCPA on the flat-rater theory previously also put forward as to Chase Bank.  *See* Amended Complaint at 16-18 (Doc. No. 15-1).  Second, Favors seeks relief against Chase Bank under state law on an unjust-enrichment theory.  *Id*. at 13-16.

---

[2] "The classic 'flat-rater' effectively sells his letterhead to the creditor, often in exchange for a per-letter fee, so that the creditor can prepare its own delinquency letters on that letterhead.  Use of a third party's letterhead gives the delinquency letters added intimidation value, as it suggests that a collection agency or some other party is now on the debtor's back."  *Nielsen v. Dickerson*, 307 F.3d 623, 633 (7th Cir. 2002) (internal citations omitted).  Section 1692j of Title 15 prohibits flat-rating relationships.

## II.   DISCUSSION

This matter is now before the Court on three pending motions: Favors's motion to amend his complaint (Doc. No. 15); the IFP application filed by Favors at the commencement of this litigation (Doc. No. 2); and a motion for summary judgment filed by Favors (Doc. No. 3).  For the reasons explained below, the Court will grant the motion to amend the complaint, deny the IFP application, deny the motion for summary judgment, and dismiss this action.

### A.  Motion to Amend (Doc. No. 15)

As explained above, Favors filed a motion to amend his complaint (Doc. No. 15) and proposed amended complaint (Doc. No. 15-1) in response to Magistrate Judge Leung's order to show cause why this matter should not be dismissed on account of *res judicata*.  A party may amend a pleading once as a matter of course prior to service of process or within 21 days of service.  *See* Fed. R. Civ. P. 15(a)(1).  Service of process has not yet been effected in this matter.  Accordingly, Favors is entitled to submit an amended complaint, with that pleading becoming operative automatically, without leave of court required.  *Id*. Put another way, Favors need not "propose" an amended complaint at this stage in the proceedings — he may simply file an amended complaint, and that pleading will become operative.

Nevertheless, to make clear that the "proposed" amended complaint (Doc No. 15-1) is in fact the operative pleading in this matter, the Court will grant Favors's motion to amend his pleading.  Only the claims raised in the proposed amended complaint will be considered by the Court.

**B. Application to Proceed IFP (Doc. No. 2) and Review of Pleading**

The Court next turns to Favors's pending IFP application.  Review of that IFP application proceeds in two steps.  First, the Court must review whether Favors qualifies financially for IFP status.  Second, the Court must review whether the pleading submitted by Favors is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

There is reason to believe that Favors may not qualify financially for IFP status — or, at a minimum, that Favors has previously not been truthful with the Court about his financial status.  *See Favors v. Merrick Bank*, No. 21-CV-1447 (PJS/DTS), 2021 WL 2661361, at *3 (D. Minn. June 29, 2021) ("This is not the first time that the representations made by Favors to this Court regarding his finances have differed substantially from the representations that he has made to others.").  Nevertheless, the Court will assume, for purposes of this order, that the representations made by Favors in his pending IFP application are accurate and that Favors is unable to pay the filing fee for this matter.

Nevertheless, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In deciding whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  A pro se complaint is to be construed liberally, but the complaint must nevertheless

"allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In his amended complaint, Favors raises two claims: an FDCPA claim against Alltran Financial and ARS, and a state-law unjust-enrichment claim against Chase Bank. The FDCPA claim is plainly untimely, while Favors has not pleaded a basis for the Court's jurisdiction over the unjust-enrichment claim.

The events at issue in this matter relate entirely to communications sent to Favors by the defendants in 2018, with the final of the allegedly unlawful communications received by Favors on July 18, 2018. *See* Am. Compl. at 6-8 (Doc. No. 15-1). The limitations period for bringing civil claims under the FDCPA is one year, *see* 15 U.S.C. § 1692k(d), and begins running on the date that "a debt collector mails a letter allegedly containing information proscribed by the FDCPA." *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 260-61 (8th Cir. 1992)). The statute of limitations found within the FDCPA is jurisdictional and not subject to equitable tolling. *Hageman v. Barton*, 817 F.3d 611, 616-17 (8th Cir 2016) (citing *Mattson*). Favors did not initiate this action until March 2021. This was far too late to proceed with claims under the FDCPA. The effect of § 1692k(d) is to deprive the Court of jurisdiction over the FDCPA claims brought against Alltran Financial and ARS in the amended complaint; accordingly, those claims must be dismissed without prejudice.

This leaves only the state-law unjust-enrichment claim brought against Chase Bank. Favors pleads no basis for the Court's original jurisdiction over that claim. Because the unjust-enrichment claim does not present a question of federal law, 28 U.S.C. § 1331

cannot supply the statutory grounds for original jurisdiction.  Favors does not allege that the parties are of diverse citizenship or invoke 28 U.S.C. § 1332 as a basis for jurisdiction. The Court may not consider the merits of claims over which it lacks jurisdiction.

Accordingly, the IFP application will be denied and the action will be dismissed without prejudice.

### C. Motion for Summary Judgment (Doc. No. 3)

Because the Court lacks jurisdiction to consider the claims presented in the amended pleading, the Court cannot grant summary judgment to Favors.  Accordingly, his motion for summary judgment is also denied without prejudice.

## III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The motion to amend of plaintiff Joseph Anthony Favors [Doc. No. 15] is **GRANTED**.

2.  The application to proceed *in forma pauperis* of Favors [Doc. No. 2] is **DENIED**.

3.  Favors's motion for summary judgment [Doc. No. 3] is **DENIED WITHOUT PREJUDICE**.

4.  This matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 1, 2021                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge